IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABLE D. HALL,

                Plaintiff,           OPINION AND ORDER

v.

                                           11-cv-093-slc[1]

DEPT. of CORR., et.al.,

                Defendants.

---

Plaintiff Gable D. Hall filed a document entitled "Motion for federal mail tampering conspiracy to obstruct justice." On February 16, 2011, Magistrate Judge Stephen Crocker gave Hall an opportunity to provide more information in an amended complaint. Now Hall has filed an amended complaint, together with a supplement, in which he names individual correctional officers Nick Klemp, Jason Raymer, Thomas Hoil, John Oens and Beth Sainsbury as defendants. The next step is determining whether Hall's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, Hall alleges, and the court assumes for purposes of this screening order, the following facts.

- Plaintiff Gable Hall is incarcerated at the Columbia Correctional Institution located in Portage, Wisconsin.

---

[1]For the purpose of issuing this order, Judge William M. Conley acts for the court.



- Defendants Nick Klemp, Jason Raymer, Thomas Hoil, John Oens and Beth Sainsbury are employed as correctional officers at the institution.

- On Monday, November 15, 2010, Correctional Officer Nick Klemp collected Hall's manilla envelope addressed to Governor Doyle's Pardon Committee, which contained his request for a pardon, but he did not mail it.

- The previous day defendants Raymer and Hoil refused to let defendant Sainsbury staple the pardon forms.

- On November 15, 2010, defendant Oens allowed Hall to staple his forms.

- Governor Doyle pardoned 178 individuals in the last year of office, having only pardoned 148 individuals in his first seven years in office.

OPINION

Fed. R. Civ. P. 8 requires that a complaint set forth a (1) short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Hall's allegation that defendant Klemp refused to mail his request for a pardon may support a claim of interference with his legal mail in violation of the First Amendment. *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). Hall does not allege, however, that the other named defendants prevented him from mailing his request for a pardon and those claims fall away.

The relief he seeks -- release from custody -- would not be available to him even if he were to prevail on his claim that C. O. Klemp deliberately failed to mail his pardon request.

Section 1983 affords Hall a civil action to make him "whole" for the constitutional injury alleged, but this would not extend to ordering the current Governor to pardon him, nor very likely even monetary compensation based on speculation that Governor Doyle would have pardoned him.

Thus, if Hall proves the constitutional violations he alleges, he *may* be entitled to monetary damages, declaratory relief and an injunction requiring that defendant Klemp process his legal mail promptly in the future, but will decidedly not be afforded relief from custody. Moreover, Hall does not allege any facts supporting an award of compensatory damages, nor that interference with his legal mail was a recurring problem that might justify any injunctive relief. Likely then, Hall would be entitled to no more than a declaration of rights and nominal damages of $1.00, *even if* he were to prevail on liability against Klemp.

Accordingly, the court will dismiss Hall's complaint without prejudice. Hall will be afforded an opportunity to submit an amended complaint that complies with Rule 8. Should he choose to do so, Hall should specify what relief he is seeking beyond his unavailable prayer for release from prison and, if included, (1) the amount of and basis for any award of money damages and (2) the nature of and basis for injunctive or declaratory relief.

Plaintiff will have **until August 4, 2011, to file an amended complaint** that complies with Rule 8 and this Opinion and Order. If plaintiff does this, the court will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). If he fails to respond to this order by August4, 2011, however, the case will remain closed.

ORDER

IT IS ORDERED that: (1) plaintiff' Gable Hall's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8; (2) plaintiff may have until August 4, 2011, in which to file an amended complaint that complies with Fed. R. Civ. P. 8 and this Opinion and Order; and (3) if plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case.

Entered this 1st day of July, 2011.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge